IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES KING,
    Petitioner

v.

WARDEN DAVID EBBERT,
    Respondent

Civil No. 3:16-CV-0953

(Judge Nealon)
(Magistrate Judge Mehachick)

FILED
SCRANTON
DEC 21 2016
PER _____
DEPUTY CLERK

## MEMORANDUM

On May 23, 2016, Petitioner, James King, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, ("USP-Lewisburg"), filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 alleging he was denied procedural due process rights in relation to the charge that he violated Code 201, "Fighting with another person." (Doc. 1). On September 6, 2016, Respondent filed a response to the petition. (Doc. 4). On September 21, 2016, Petitioner filed a traverse. (Doc. 5). On November 28, 2016, Magistrate Judge Mehalchick a Report and Recommendation ("R&R"), recommending that this Court dismiss the petition with prejudice due to Petitioner's failure to exhaust the available administrative remedies before filing the instant appeal. (Doc. 6, pp. 24-28, 38). Defendant filed objections on December 15, 2016. (Doc. 7). For the reasons set forth below, the objections will be overruled, the R&R will be adopted, and the petition for writ of habeas corpus will be dismissed with prejudice.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the petitioner] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the petitioner, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377

(M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In his petition, Petitioner alleges that his procedural due process rights were violated in relation to a charge of violating Code 201, "Fighting with another person." (Doc. 1). Respondent argues that Petitioner's writ for habeas corpus should be denied because Petitioner did not administratively exhaust his claims. (Doc. 4).

Magistrate Judge Mehalchick issued the R&R at hand, in which she provides the factual and procedural background of the case, and the appropriate standard of review for a habeas corpus petition filed under 28 U.S.C. § 2241. (Doc. 17, pp. 12-15, 20-23). Ultimately, Magistrate Judge Mehalchick concludes the following:

> With respect to the incident report at issue [], [Petitioner] filed a timely appeal to the Regional Director [] on January 21, 2015. ([] Doc. 1, at 2, 15). [Petitioner's] appeal to the Regional Director was denied on March 4, 2015. ([] Doc. 1, at 15). [Petitioner] then had thirty calendar days to file an appeal of the Regional Director's denial with the Central Office. See 28 C.F.R. § 542.15(a) ("An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30

3

calendar days of the date the Regional Director signed the response."). [Petitioner] failed to meet this deadline, however, as he did not file an appeal to the Central Office until September 9, 2015, [], over six months after the Regional Director denied his initial appeal. ([] Doc. 1, at 3; [] Doc. 5, at 22-23). On October 7, 2015, the Central Office rejected [Petitioner's] appeal because he failed to attach copies of his appeal to the Regional Director and the Regional Director's response. ([] Doc. 1, at 17; [] Doc. 5, at 24). Nonetheless, [Petitioner] was given 15 days to resubmit his appeal to the Central Office with the requested documentation included. ([] Doc. 1, at 17). [Petitioner] resubmitted his appeal to the Central Office on October 19, 2015, [], urging the Central Office to consider his appeal on the merits "[i]nstead of looking for reasons to deny it." ([] Doc. 4-1, at 22; [] Doc. 5, at 25). The Central Office rejected [Petitioner's] resubmitted appeal on November 12, 2015, finding that [Petitioner] again failed to include the requested documentation and also that the appeal was untimely. ([] Doc. 4-1, at 22; [] Doc. 5, at 26). The Central Office once again gave [Petitioner] the change to resubmit his appeal, along with an explanation of why the untimely filing was not his fault. ([] Doc. 5, at 26). However, [Petitioner] never resubmitted the appeal with an explanation for his untimeliness as instructed. ([] Doc. 4-1, at 22-32).

Respondent contends that [the petition] should be dismissed for failure to properly exhaust administrative remedies because [Petitioner's] appeal to the Central Office was untimely. ([], Doc. 4, at 7); see also 28 C.F.R. § 542.15(a). In support of this argument, Respondent submits a declaration under penalty of perjury from BOP Supervisory Attorney L. Cunningham and a copy of [Petitioner] complete BOP administrative remedy filing history. ([] Doc. 4-1, at 3-34); see e.g., Moscato, 98 F.3d at 760 (holding that [the] petitioner committed a procedural default by failing to satisfy to the BOP's procedural rules where [the] petitioner filed an appeal to the Central Office 16 days after the 30 day deadline). [Petitioner] counters that he

could not file a timely appeal to the Central Office because he never received the Regional Director's denial. ([] Doc. 1, at 2, 16). Specifically, [Petitioner] notes that he was in the process of being transferred from USP[-]Allenwood to USP[-]Lewisburg at the time the Regional Director denied his appeal, and that he made numerous unsuccessful attempts to contact the Regional Director and obtain a copy of the appeal denial. ([] Doc. 5, at 2).

This Court finds [Petitioner's] argument to be unavailing. BOP regulations provide that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Therefore, even if [Petitioner] never received the denial of his appeal from the Regional Director, he could have moved forward with an appeal to the Central Office after March 7, 2015, once the time allotted for the Regional Director's reply had elapsed. ([] Doc. 1, at 15); see also 28 C.F.R. § 542.18. Because the lack of a timely response from the Regional Director may be deemed a denial, [Petitioner] then would have had 30 calendar days from March 7, 2015 to file his appeal to the Central Office. See 28 C.F.R. § 542.15(a). Here, however, [Petitioner] did not submit his appeal to the Central Office until September 9, 2015, over five months after the deadline had passed. ([] Doc. 1, at 3; Doc. 5, at 22-23). [Petitioner's] contention that he never received the Regional Director's denial of his original appeal simply does not excuse [Petitioner's] months-long delay in filing his appeal to the Central Office. See Woodford v. Ngo, 548 U.S. 81, 88 ("[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.").

Even though [Petitioner's] appeal to the Central Office was untimely, it did not necessarily need to be fatal to his efforts to exhaust administrative remedies. Indeed, the BOP's

regulations provide that "[i]f the defect on which the rejection is based is correctable, the [rejection] notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal." 28 C.F.R. § 542.17(b). Here, it is clear that the Central Office found the defects in [Petitioner's] appeals to be potentially curable, as the Central Office twice instructed [Petitioner] to resubmit his appeal along with certain requested additional materials. ([] Doc. 1, at 17; [] Doc. 5, at 26). Most significantly, in its rejection dated November 12, 2015, the Central Office directed [Petitioner] to submit documentation as to why he was not at fault for the untimely filing. ([] Doc. 5, at 26). [Petitioner] ignored these instructions, and never submitted an explanation to the Central Office as to why his appeal should not be considered untimely. Moreover, the BOP's administrative remedy procedure only permits an inmate to proceed to the next level of review where an inmate is not given an opportunity to correct the defect in a rejected appeal. See 28 C.F.R. § 542.17(c). Because [Petitioner] spurned the Central Office's invitation to correct the defects in his appeals by resubmitting them with supporting documentation, [Petitioner] never properly completed exhaustion at the Central Office level. Accordingly, [Petitioner] procedurally defaulted on his claim [].

Notwithstanding the procedural default, [Petitioner's] failure to exhaust may be excused by establishing cause for the default and prejudice from the alleged violation of his rights. Moscato, 98 F.3d at 762. "Cause is generally only established where the petitioner shows that 'some external objective factor impeded' his or her efforts to comply with the [BOP]'s administrative remedy provisions." Spencer v. Thomas, No. 1:14-CV-01177, 2015 WL 2356891, at *4 (M.D. Pa. May 15, 2015) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). In attempting to excuse his procedural default, [Petitioner] presents a single argument that is pertinent to [his petition], namely, that [he] was impeded from filing a timely appeal to the Central Office

> because the Regional Director never provided him with a denial of his appeal. [footnote omitted] ([] Doc. 5, at 2-3). However, the BOP's own regulations belie [his] claim because inmates are permitted to proceed to the Central Office level in the event that the Regional Director fails to timely respond to an initial appeal. 28 C.F.R. § 542.18. Moreover, even if [Petitioner] could establish that not receiving the Regional Director's denial could potentially constitute a cause to excuse procedural default, he cannot show that this was fatal to his exhaustion efforts. Indeed, the Central Office explicitly granted [Petitioner] the chance to explain why he was not at fault for the untimeliness for his appeal, thus indicating that it was willing to consider the merits of [his] appeal in spite of its untimeliness. ([] Doc. 5, at 26). [Petitioner's] procedural default was ultimately caused by his failure to avail himself of this opportunity, rather than any untimeliness due to not receiving the Regional Director's denial. According, this Court recommends dismissal of [the petition] because [Petitioner] failed to properly exhaust his claim and cannot establish that his procedural default should be excused.

(Doc. 6, pp. 24-28).

In his objections, Petitioner again asserts that he could not file an appeal with the Central Office without the response from the Regional Director. (Doc. 7, pp. 1-2). This is a reiteration of the assertion he contended in his traverse that has already been addressed by Magistrate Judge Mehalchick in the instant R&R. (Doc. 6, pp. 24-28). Consequently, because Petitioner is merely repeating an argument that was thoroughly addressed by the Magistrate Judge and is not making specific objections to the R&R, judicial economy demands the R&R be

reviewed for clear error as opposed to de novo review. See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (Overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008). See also Cruz, 990 F. Supp. at 377 (In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the petitioner, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.). Thus, Petitioner's objections, (Doc. 7), will be overruled as non-specific due to the reiteration of the assertions already made in the petition, (Doc. 1).

Furthermore, this Court finding no clear error with Magistrate Judge Mehalchick's extremely thorough analysis in the R&R at hand, it will be adopted as such, and the petition for writ of habeas corpus, (Doc. 1), will be dismissed with prejudice.

A separate Order will be issued.

**Date:** December 20, 2016

/s/ William J. Nealon
**United States District Judge**